Heather L. Rosing, Bar No. 183986
Samuel B. Strohbehn, Bar No. 257697
Anastasia F. Osbrink, Bar No. 293950
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
sstrohbehn@klinedinstlaw.com
aosbrink@klinedinstlaw.com

Attorneys for Defendant
ABIGAIL G. STEPHENSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MACGREGOR FAMILY LLC, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| v. | Complaint Filed: December 14, 2017 |
| SISAM & ASSOCIATES, LLP; EDWIN L. SISAM; JOSHUA H. SISAM; ABIGAIL G. STEPHENSON; and DOES 1 through 20, inclusive, | Trial Date: None set |
| Defendants. | |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Abigail G. Stephenson ("Defendant") hereby removes this action from the Superior Court of the State of California, county of San Francisco, to the United States District Court for the Northern District of California and sets forth in support of her Notice of Removal of Action the following:

## I.    PROCEDURAL HISTORY

1.    On December 14, 2017, an action was commenced in the Superior Court of the State of California, County of San Francisco, entitled *MacGregor Family LLC v. Sisam & Associates, LLP, et al.*, Case no. CGC-17-563116 ("*MacGregor v. Sisam*"). True and correct copies of the complaint ("The Complaint") and summons in *MacGregor v. Sisam* are attached hereto as Exhibits A and B, respectively.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

2.      On December 20, 2017, all Defendants were served with the summons and complaint in *MacGregor v. Sisam*. Defendant Abigail Stephenson was personal served in Reno, Nevada on December 20, 2017. (Dec. of A. Stephenson, ¶ 4.)

3.      Defendant's response to the Complaint is due January 19, 2018.

4.      This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

## II.    BASIS FOR REMOVAL

### A.      The Amount in Controversy Requirement is Satisfied

5.      With respect to the amount in controversy, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  In this case the central theme of the Complaint is that Plaintiff was cornered into an unreasonably low settlement of $325,000, despite the fact that Plaintiff alleges his claim in the underlying action was worth approximately two million dollars. (Complaint, ¶¶ 12-18, 26-27, 31-32, 34-38.) Therefore, Plaintiff alleges that it was damaged in an amount over one million dollars.

### B.      Complete Diversity Exists

6.      Plaintiff is a California Limited Liability Company and a citizen of California because all five members are residents of California. (Declaration of Joshua H. Sisam ("J. Sisam Dec."), ¶ 6.) The citizenship of a limited liability company is determined by the citizenship of all its members. (*Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899, 902; *see, e.g., Carolina Cas. Ins. Co. v. Team Equip., Inc.* (9th Cir. 2014) 741 F.3d 1082, 1085.) Pursuant to 28 U.S.C. section 1332(a)(1), an individual is a citizen of the state in which he or she is domiciled. Residence is prima facie evidence of domicile for purposes of determining citizenship. (*State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.) Therefore, Plaintiff is a California citizen for purposes of diversity jurisdiction.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

NOTICE OF REMOVAL OF ACTION

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

7.      Defendant Abigail Stephenson has been a resident of Reno, Nevada since 2016, where she was served with the Complaint and summons on December 201, 2017. (Dec. A. Stephenson, ¶¶ 3-4; *see Smith v. Sperling* (1957) 354 U.S. 91, 93, fn. 1 (citizenship for diversity purposes is determined at the time the action is filed, not at the time the cause of action arose); *see also Huddleston v. Angeles Cooperative Creamery* (W.D.Wash. 1970) 315 F.Supp. 307, 308.)

8.      Joshua Sisam and Edwin Sisam are full time residents and thus citizens of Texas. (J. Sisam Dec., ¶¶ 3, 4.) The sole partners of Sisam Associates, LLP are Joshua Sisam and Edwin Sisam. (*Id.*) The Supreme Court has long recognized that for diversity purposes the citizenship of all limited liability partners or other members of an unincorporated business controls under the diversity prong of the statute. (*Cardena v. Arkoma Associates* (1990) 494 U.S. 185, 196-96.)

## III.    THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

### A.    Timeliness

9.      This Notice of Removal is being filed within thirty (30) days of service on the defendants. Thus, this Notice of Removal is timely filed under 28 U.S.C. §1446(b). 15.

### B.    Venue

10.     Removal to this Court is proper as the Superior Court of the State of California, County of San Francisco, where this action was originally filed, is located within this district.

### C.    Notice

11.     Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, and give notice of same to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL OF ACTION

1    12.    Co-defendants Sisam & Associates, LLP, Edwin L. Sisam, and Joshua H. Sisam

2  join in Defendant's removal of this action.

3                                    KLINEDINST PC

4

5  DATED: January 19, 2018              By:  /s/ *Samuel B. Strohbehn*

6                                            Heather L. Rosing
                                             Samuel B. Strohbehn
7                                            Anastasia  F. Osbrink
                                             Attorneys for Defendant, ABIGAIL G.
8                                            STEPHENSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA  92101

# EXHIBIT A

1

William Gwire, Esq. (59451)

2

GWIRE LAW OFFICES
505 Montgomery Street, Suite 1000 (10th Fl)

3

San Francisco, CA 94111
Telephone: (415) 296-8880

4

Attorneys for Plaintiff,

5

MacGregor Family LLC

6

7

8

ENDORSED
FILED
San Francisco County Superior Court

DEC 14 2017

CLERK OF THE COURT
BY: _____ NEYL WEBB _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF SAN FRANCISCO

10

11

MACGREGOR FAMILY LLC.

12

Plaintiff,

vs.

13

14

SISAM & ASSOCIATES, LLP, EDWIN L. SISAM, JOSHUA H. SISAM, ABIGAIL G. STEPHENSON, DOES 1 through 20, inclusive,

15

16

Defendants.

17

Case No. **CGC - 1 7 - 5 6 3 · 1 6**

COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, FRAUD AND DECLARATORY RELIEF

JURY TRIAL DEMANDED

18

19

### BRIEF STATEMENT OF THE CLAIM

20

21

Plaintiff MacGregor Family, LLC, "MacGregor" or "Plaintiff") by and through its co-

22

managing members Robert Knox and Molly Knox, asserts claims of legal malpractice, breach of

23

fiduciary duty, fraud and declaratory relief against the law firm Sisam & Associates, LLP, and

24

attorneys Edwin L. Sisam and Joshua H. Sisam, (hereafter, the "Sisam Defendants"), and a claim of

25

legal malpractice against Abigail G. Stephenson, ("Stephenson") (all of whom together are referred to

26

as the "Defendants"). Plaintiff also seeks an order on a claim for Declaratory Relief regarding the

27

validity and enforceability of an arbitration provision in the fee agreement between Plaintiff and Sisam

28

& Associates, LLP.

BY FAX
ONE LEGAL LLC

EXHIBIT A - 1

1    The Sisam Defendants, none of whom are admitted to practice law in California, and

2    Stephenson (a California attorney), represented Plaintiff in a FINRA[1] arbitration proceeding that was

3    filed in and took place in San Francisco, California.   All the Defendants worked on the case to a

4    greater or lesser degree.  Two of the three attorneys attended the arbitration hearing: Edwin Sisam who

5    had been practicing for about 30 years, and Joshua Sisam who had been practicing for about six years.

6    It was represented to Plaintiff and was always Plaintiff's understanding that Edwin Sisam would be the

7    lead counsel and would handle the bulk of the examination of witnesses, with Joshua Sisam acting in a

8    second-chair capacity.

9         Out-of-state attorneys must comply with certain statutory requirements before they may

10   represent clients in arbitration proceedings conducted in California.  This includes FINRA proceedings.

11   Here, Joshua Sisam complied with those requirements, but Edwin Sisam did not.  That failure was

12   discovered by counsel for the opposing parties sometime during the arbitration who, in the middle of

13   the second day of the arbitration hearing, brought a motion to bar Edwin Sisam from questioning

14   witnesses.

15        Later that afternoon, when Plaintiff's representatives inquired about the motion, the Sisam

16   Defendants were dismissive of the issue, stating that they had "forgotten to submit a form" but that

17   Joshua Sisam could handle the examination of witnesses and there would be no negative effect on the

18   representation or their ability to continue with the hearing.

19        After the hearing concluded for the day, despite their earlier and continual assurances as to the

20   strength and merits of Plaintiff's action, the Sisam Defendants abruptly began to pressure Plaintiff's

21   representatives to settle the matter, claiming there were problems with the case.  After several hours of

22   pressure, the next morning they persuaded Plaintiff's representatives to agree to a monetary settlement

23   that was a small fraction of their claimed damages.  On the record, the arbitrators were advised of the

24   settlement and the arbitration hearing was then adjourned.

---

[1]   FINRA is the Financial Industry Regulatory Authority Corporation; it is the regulatory body to
which claims against member firms and investment advisors are submitted for arbitration.

COMPLAINT: MACGREGOR FAMILY, LLP vs. SISAM & ASSOCIATES et al.

2

1    Three weeks later, Defendants sent Plaintiff's representatives a written settlement agreement
2    and claimed that it memorialized the terms agreed to before the arbitration hearing was adjourned. The
3    terms were in fact materially different and less favorable to Plaintiff than those agreed to verbally,
4    specifically regarding certain confidentiality provisions.
5         When Plaintiff refused to sign the settlement agreement and raised the discrepancies to the
6    Sisam Defendants, the Sisam Defendants withdrew as counsel of record and gave notice of such
7    withdrawal to FINRA, leaving Plaintiff without counsel. The date of the Sisam Defendants withdrawal
8    was May 10, 2017, making it the earliest possible date for the commencement of the statute of
9    limitations for legal malpractice.
10        Plaintiff contends that the Sisam Defendants' failure to comply with the above-discussed
11    admission and compliance requirements made Edwin Sisam, Plaintiff's lead counsel ineligible to
12    represent Plaintiff at all in the arbitration proceeding, leaving Plaintiff without effective counsel at the
13    most critical time.
14        Faced with the realization that the settlement orally agreed upon at the arbitration hearing
15    would likely be enforced, but in any event, having no practical ability to pursue the matter further,
16    Plaintiff reluctantly accepted the terms of the settlement allegedly reached with its opponents in the
17    FINRA proceeding, modified slightly to comport with the understanding reached at the hearing. The
18    settlement was reached on or about November 1, 2017, which Plaintiff contends marks the date on
19    which the statute of limitations for legal malpractice commenced to run.
20        Owing to the Sisam Defendants having asserted a lien against the recovery, the settlement
21    funds have been escrowed pending either a settlement between the parties hereto, or a further order of
22    this court.
23        In this case, there is the additional dispute over the enforceability of an arbitration provision
24    that the Sisam Defendants claim is valid and effective. The arbitration provision is set forth in the fee
25    agreement entered into between Plaintiff and Sisam & Associates, LLP, but not with Defendant

COMPLAINT: MACGREGOR FAMILY, LLP vs. SISAM & ASSOCIATES et al.

3

EXHIBIT A - 3

1   Stephenson (who, Plaintiff contends, is not subject to the terms of the fee agreement or the

2   arbitration provision). Plaintiff contends that the arbitration provision is legally invalid and

3   unenforceable for a variety of reasons (set forth in the Fourth Cause of Action), or otherwise cannot be

4   enforced because not all parties are subject to it, and seeks a declaration from this court holding that

5   the provision is unenforceable and allowing the case to proceed as a litigated matter.

6        Plaintiff seeks damages from all Defendants for their negligence, breach of fiduciary duty, and

7   misrepresentation or fraud.

8                                THE PARTIES

9        1.      Plaintiff MacGregor Family LLC (the "MacGregor" or "Plaintiff") is a California

10  limited liability corporation whose co-managing members are Robert Knox and Molly Knox.

11       2.      Sisam & Associates, LLP ("Sisam LLP") is a law firm in Boerne, Texas. It has no

12  offices in California.

13       3.      Defendants Edwin L. Sisam and Joshua H. Sisam, (collectively, the "Sisam attorneys"),

14  neither of whom, (on information and belief), were or are admitted to practice in California, are both

15  attorneys employed or acting as attorneys for Sisam & Associates, and represented Plaintiff in a certain

16  arbitration proceeding before FINRA which for confidentiality purposes shall not be identified except

17  as the "FINRA Arbitration". On information and belief, Edwin L. Sisam has been admitted to practice

18  in Minnesota since 1987 and Joshua H. Sisam has been admitted to practice in Texas since 2011.

19       4.      Defendant Abigail G. Stephenson, is an attorney licensed to practice law in the State of

20  California, with her principal place of business in La Jolla, and was, on information and belief, the

21  sponsoring attorney for the pro hac vice admission of Defendant Joshua Sisam. As Defendant Joshua

22  Sisam's sponsoring attorney for the FINRA Arbitration, Stephenson, either expressly or impliedly,

23  agreed that she would act in the interests of Plaintiff in supervising Joshua Sisam and agreed to act, and

24  did thereafter act and provide services as "local counsel" to the Sisam Defendants in the FINRA

25  Arbitration.

5.      Defendants Does 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Doe Defendants is responsible in some manner for the occurrences herein alleged, and/or were the agents, partners, shareholders, members or principals of each other Defendant in doing the acts and omissions alleged herein, and were acting within the scope and course of their agency, partnership, shareholder, member or principal role, and that each of the fictitiously-named defendants are liable to Plaintiff for the acts and omissions alleged herein and for the damages proximately caused.

## APPLICABLE LAW

6.      Code Civ. Proc. § 1282.4(c) describes the requirements that an attorney not licensed in California must meet in order to validly represent a client in a California arbitration proceeding. Among other things, the non-California attorney must submit a completed certification form to the arbitrator or arbitral entity, obtain the arbitrator or arbitral entity's approval of the representation, and then file the approved certification form with the California State Bar and serve it on all parties. A non-California attorney's failure to timely file and serve a certificate is grounds for disqualification from serving as counsel in the arbitration in which a certificate was required to be filed. Cal. Rules of Court, Rule 9.43.

7.      The above-listed requirements are repeated in the FINRA Office of Dispute Resolution Party's Reference Guide, in a section titled "Special Procedures for California Cases: Guidelines for Appearance by Attorneys in the FINRA Arbitration Forum in California, which is posted on the FINRA website. See https://www.finra.org/sites/default/files/Partys-Reference-Guide.pdf. The FINRA Guide also provides that opposing counsel may raise compliance concerns with the arbitrator(s) assigned to the case, and that "the arbitrators have the ultimate authority to determine

whether an [out-of-state] attorney has complied with the statute and whether they may appear."

## CHRONOLOGY OF FACTS

8.    In or around December 2008, Plaintiff purchased shares in a company called Sable Chase through investment advisors who do not need to be named as they are irrelevant to this proceeding, (and disclosure is prohibited by a confidentiality agreement), but referred to generically herein as "Advisors". Plaintiff believed, and thereafter alleged that Advisors actions in recommending the investment to Plaintiff were improper and negligent, and ultimately resulted in a significant loss to Plaintiff.

9.    In mid-2014, by a written retainer agreement, Plaintiff retained Defendant Sisam & Associates, LLP to represent it in pursuing claims against Advisors for damages arising out of the Sable purchase (the "Sisam Fee Agreement"). A true and correct copy of the Sisam Fee Agreement is attached hereto as Exhibit A.

10.    The Sisam Fee Agreement claims to require binding arbitration of disputes having to do with interpretation of the agreement and matters involving "fees, costs, billing, and breach of ethical or fiduciary duties." See page 8, "Arbitration." It does not indicate that claims of professional negligence, malpractice, or fraud are within the scope of the arbitration provision. *Id.*

11.    The Sisam Fee Agreement further provides that, where a retainer agreement is "made in and to be performed in San Antonio, Texas," an arbitration hearing must be conducted in San Antonio, Texas. *Id.* The Sisam Fee Agreement was neither made in nor to be performed in Texas, and the FINRA Arbitration had no connection to the State of Texas or its laws. Here, at all times pertinent, it was known that the FINRA Arbitration would proceed in San Francisco. The FINRA Arbitration claim was, in fact, filed in and proceeded in California, and the Sisam Defendants were at all relevant times subject to and bound by the laws of the State of California.

12.    Following their retention, the Sisam Defendants filed a FINRA arbitration claim on Plaintiff's behalf, seeking damages approaching two million dollars. As stated above, the Sisam

attorneys who handled the representation of Plaintiff in the FINRA Arbitration were Edwin Sisam and

Joshua Sisam, but were assisted at various times during the pendency of the proceeding by Stephenson.

13.     The FINRA Arbitration was set for a five- to six-day hearing in March 2017 in San

Francisco, California, and did proceed to hearing at that time. Both Joshua and Edwin Sisam attended

the hearing, and Mr. Knox and his 75-year-old mother, Plaintiff's co-managing member Molly Knox,

attended as Plaintiff's representatives.

14.     On the afternoon of the second day of the hearing, Advisors counsel made a motion to

bar Edwin Sisam from questioning witnesses at the hearing. Edwin Sisam had been Plaintiff's lead

attorney throughout the proceeding and had been handling the entirety of the actual hearing up until

then. At the next break, Edwin and Joshua Sisam explained to Mr. Knox that they had "forgotten to

submit a form to FINRA," but that that omission would have no negative effect on their representation

of Plaintiff because Joshua Sisam could handle all the questioning and subsequent proceedings.

Plaintiff accepted their representations. It should be noted that at that time Edwin Sisam had been an

attorney for approximately 30 years and Joshua Sisam had been an attorney for approximately 6 years.

15.     That evening, despite their earlier assurances about the strength and merits of Plaintiff's

claims, Edwin and Joshua Sisam began to strongly pressure Mr. Knox and Mrs. Knox to settle,

representing to Plaintiff that the case was rife with problems. Mr. Knox asked if Advisors had made a

settlement offer, and the attorneys said no.    Plaintiff's representatives both expressed that they would

entertain a settlement offer if one was made, but that they wanted to proceed with the arbitration

hearing and give their testimony.

16.     The following morning, before the day's arbitration proceedings began, Edwin and

Joshua Sisam informed Plaintiff that counsel for Advisors had made a settlement offer that was

significantly less than what Plaintiff was seeking in damages, and that it was a "last and final offer."

Edwin and Joshua Sisam pressured Plaintiff's representatives to accept the settlement, continuing to

represent that Plaintiff's case had serious problems and that Plaintiff would be wise to accept the offer.

After about three hours of continued badgering and pressure from the Sisam attorneys, Plaintiff's representatives verbally consented to a settlement in the gross amount of $325,000 that would provide Plaintiff with a "minimum net to client" settlement payment of $217,000. There were other provisions that were agreed upon. The FINRA arbitrators were advised on the record that a settlement had been reached (with no details as to amount and terms), and the arbitration hearing was adjourned and did not proceed any further.

17.    Approximately three weeks later, Plaintiff received a written settlement agreement from the Sisam Defendants. The terms reflected therein were not the terms that had been agreed to before adjourning the arbitration hearing. Among other differences and discrepancies, the settlement agreement sent by the Sisam Defendants set out a different confidentiality provision; did not provide that all FINRA related charges would be paid by Advisors; did not provide that all settlement funds from Advisors would be deposited into Plaintiff's account (not to a Sisam account); and that Sisam & Associates would provide an accurate accounting of expenses. Plaintiff communicated these problems and issues to the Sisam Defendants, who ignored their concerns and continued to pressure them to sign the agreement as presented.

18.    Finding the Sisam attorneys' behavior strange, Mr. Knox visited the FINRA website and found readily available information about the requirements that must be met by attorneys not licensed to practice in California who wish to appear in an arbitration proceeding conducted in California. After some further investigation, he learned that only Joshua Sisam had taken steps to meet these guidelines. Plaintiff's representatives came to believe that the Sisam attorneys had pressured them into a settlement because of the discovery of their failure to comply with the requirements for out-of-state attorneys, and that Edwin Sisam would be unable to proceed as lead counsel leaving a relatively inexperienced attorney to handle the rest of the arbitration hearing on his own.

19.    Because of the failure to resolve the language of the settlement agreement, and the Sisam Defendants failure to address Plaintiff's concerns about the compliance issues, on or around

COMPLAINT: MACGREGOR FAMILY, LLP vs. SISAM & ASSOCIATES et al.

8

1    May 10, 2017, the Sisam Defendants submitted to FINRA a Notice of Withdrawal of Representation of

2    Plaintiff MacGregor Family, LLC, and served copies of the same on Plaintiff and counsel for Advisors.

3         20.    On or about August 23, 2017, Advisors' counsel in the FINRA Arbitration filed a

4    motion to enforce the settlement allegedly agreed upon at the hearing. Plaintiff opposed the motion.

5    Prior to the hearing on the motion, and faced with the realization that the settlement orally agreed upon

6    at the arbitration hearing would likely be enforced, but in any event, having no practical ability to

7    pursue the matter further, Plaintiff reluctantly accepted the terms of the settlement allegedly reached in

8    the FINRA proceeding, with the confidentiality provision modified to comport with the understanding

9    reached at the hearing. The settlement was finally executed by the parties on or about November 1,

10   2017.

11        21.    Owing to the Sisam Defendants having asserted a lien against the recovery, the

12   settlement funds have been escrowed pending either a settlement between the parties hereto, or a

13   further order of this court.

### I. FIRST CAUSE OF ACTION FOR LEGAL MALPRACTICE
### (Against All Defendants)

17        22.    Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1- 21.

18        23.    By their agreement to represent Plaintiff and provide all reasonably necessary services

19   to Plaintiff relating to the FINRA Arbitration, the Sisam Defendants, and each of them, owed Plaintiff

20   a professional duty of care to render services with the level of competence, diligence, skill, knowledge

21   and ethical judgment meeting the standard of care for attorneys generally practicing under the same or

22   similar circumstances.

23

24        24.    By her agreement to sponsor the Sisam Defendants in a pro hac vice status, and her

25   express or implied promise to act as local counsel for Plaintiff, Stephenson owed Plaintiff a

26   professional duty of care to render services with the level of competence, diligence, skill, knowledge

27   and ethical judgment meeting the standard of care for attorneys generally practicing under the same or

28   similar circumstances.

EXHIBIT A - 9

25.    At all times relevant herein, all Defendants claimed to have the requisite knowledge, experience, and resources to handle the representation of Plaintiff in the FINRA Arbitration. Defendants were thus under a heightened standard of care to render services with the level of competence, diligence, skill, knowledge, and judgment meeting the standard of care for other firms and members of the legal profession who hold themselves out as having the requisite experience and resources to handle FINRA arbitration proceedings on behalf of aggrieved investors.

26.    Defendants breached their professional duties of care by failing to exercise the requisite competence, diligence, skill and ethical judgment required of them in undertaking and performing professional services for Plaintiff. Among other things, all Defendants, and each of them, failed to fully and properly comply with California's certification and registration requirements for out-of-state attorneys who seek to represent parties in arbitration proceedings, and/or failed to properly arrange for the filing of the certification and registration documents. Additionally, the Sisam Defendants were negligent in misrepresenting the reasons for and terms of the settlement.

27.    As an actual and proximate result of Defendants' failures to act within the applicable standard of care as stated above, Plaintiff has been damaged in amounts including sums paid to Sisam & Associates and FINRA for attorney fees and costs, and the loss of those damages that could have been recovered in the FINRA Arbitration but for Defendants' negligence and malpractice. The full and exact amount of Plaintiff's damages is unknown at the present time but shall be established at the trial of this matter according to proof.

Wherefore Plaintiff prays for relief as hereafter set forth.

## II. SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

28.    Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1- 27.

29.    At all times relevant to the facts alleged herein, Defendants were in an attorney-client fiduciary relationship with Plaintiff that entitled Plaintiff to expect from Defendants and imposed upon Defendants the highest duties of candor, honesty, competence, absolute fidelity and selfless loyalty,

1    and to not place their own interests ahead of those of Plaintiff.

2        30.    At all relevant times, Plaintiff did, in fact, place full and total trust and confidence in

3    Defendants, and relied upon their integrity, honesty, candor, competence, fidelity and loyalty.

4        31.    Defendants breached their duties to Plaintiff by failing to exercise the requisite

5    competence, diligence, skill and ethical judgment required of them in undertaking and performing

6    professional services for Plaintiff. Among other things, Defendants failed to take reasonable steps to

7    ensure that they were properly informed about the requirements for non-California attorneys seeking to

8    represent clients in a California arbitration proceeding, failed to comply with those requirements, failed

9    to supervise the filing requirements, and failed to disclose to Plaintiff either that they lacked knowledge

10   about those requirements or had failed to comply with them. Defendants further placed their own

11   interests ahead of the interests of Plaintiff by accepting and maintaining a legal representation they

12   were not qualified or able to handle. Defendants also breached their fiduciary duties to Plaintiff by

13   misrepresenting the reasons for and terms of the settlement in order to pressure Plaintiff into accepting

14   the settlement.

15       32.    As an actual and proximate result of Defendants' breaches of fiduciary duty, Plaintiff

16   has been damaged in amounts including sums paid to Sisam & Associates and FINRA for attorney fees

17   and costs, and damages that could have been recovered in the FINRA Arbitration but for Defendants'

18   breaches. The full and exact amount of Plaintiff's damages is unknown at the present time but shall be

19   established at the trial of this matter according to proof.

20       Wherefore Plaintiff prays for relief as hereafter set forth.

21               ### III. THIRD CAUSE OF ACTION FOR FRAUD
                    #### (Against the Sisam Defendants Only)

22       33.    Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1- 32.

23       34.    Both Joshua and Edwin Sisam knew, at or before the time when opposing counsel made

24   a motion to preclude questioning of witnesses by Edwin Sisam, that they had failed to meet the

25   requirements that would allow Edwin Sisam to continue representing Plaintiff in the FINRA

1    against Advisors. The Sisam Defendants failed to disclose the truth to Plaintiff fearing that the

2    arbitrators would deny any request for a continuance which would have underscored the Sisam

3    Defendants' negligence. Instead, the Sisam Defendants used misrepresentations and pressure tactics to

4    force a settlement on Plaintiff. As a proximate result, the arbitration proceeding was adjourned, and

5    Plaintiff was left without any practical recourse to pursue its claims against Advisors.

6

7          38.     As an actual and proximate result of Defendants' fraud, Plaintiff has been damaged in

8    amounts including sums paid to Sisam & Associates and FINRA for attorney fees and costs, and

9    damages that could have been recovered in the FINRA Arbitration but for Defendants' fraud. Plaintiff

10    is also entitled to any attorney fees it has incurred in an effort to undo or finalize the settlement.

11          39.     Plaintiff is also entitled to punitive damages because the Sisam Defendants made

12    knowing misrepresentations and omissions, and their conduct constituted malice, oppression, and/or

13    fraud. The full and exact amount of Plaintiff's damages is presently unknown but shall be established

14    at the hearing in this matter according to proof.

15        Wherefore Plaintiff prays for relief as hereafter set forth.

16

17              **IV. FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF**
                        **(Against the Sisam Defendants Only)**

18          40.     Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1- 21.

19          41.     A dispute has arisen between Plaintiff and the Sisam Defendants as to the arbitration

20    provision contained in the Sisam Fee Agreement. The Sisam Defendants contend that Plaintiff must

21    arbitrate, in San Antonio, Texas, all claims of wrongdoing that Plaintiff has asserted. Plaintiff

22    contends that the arbitration provision is invalid and/or unenforceable for the following reasons, among

23    others:

24

25          a.   Plaintiff has had no dealings with and has never conducted business in Texas.

26          b.   The FINRA Arbitration had no connection with, and was never intended to be heard

27    in Texas.

28          c.   The terms of the Sisam arbitration provision does not apply to this dispute as certain

EXHIBIT A - 12

claims made by Plaintiff are expressly excluded from the terms and scope of the arbitration provision.

        d.  Arbitration of the dispute as provided in the Sisam Fee Agreement is prohibited by the rules applicable to FINRA related proceedings.

        e.  Allowing part of the dispute between Plaintiff and the Sisam Defendants to proceed to arbitration would be impractical (because compatible and similar cases would have to be separately tried), and potentially result in multiple and conflicted decisions because not all claims are covered by the arbitration provision, and not all parties sued herein are subject to the terms of the arbitration provision.

42.    A declaration from this court establishing that the Sisam Fee Agreement's arbitration provision is invalid and/or unenforceable is necessary and appropriate at this time because, among other reasons, Plaintiff's settlement funds tendered in the FINRA Arbitration have been escrowed and are being held pending the outcome of this dispute. Until and unless there is a resolution on the question of the validity and enforceability of the arbitration provision, Plaintiff's claims cannot be adjudicated, and Plaintiff's funds will continue to be tied up, all to Plaintiff's continuing damage.

Wherefore, Plaintiff prays for relief as follows:

## PRAYER FOR RELIEF

1.    Compensatory damages against all Defendants in an amount to be proven;

2.    Punitive damages against the Sisam Defendants according to proof;

3.    Attorney fees and costs of suit as may be allowed by law;

4.    For costs of suit incurred herein;

5.    Prejudgment interest as may be allowed by law;

6.    A declaration from this Court against the Sisam Defendants holding that the arbitration provision in the Sisam Fee Agreement is invalid and/or unenforceable.

7.    Such other and further relief as the arbitrator deems proper, fair, equitable and just.

///

1    DATED:  December 13, 2017

2

3

4                                                    GWIRE LAW OFFICES

5

6

7                                                    William Gwire
                                                     Attorneys for Plaintiff, MacGregor Family LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT: MACGREGOR FAMILY, LLP vs. SISAM & ASSOCIATES et al.
15

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SISAM & ASSOCIATES, LLP, EDWIN L. SISAM, JOSHUA H.
SISAM, ABIGAIL G. STEPHENSON, DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MACGREGOR FAMILY, LLC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*) or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Francisco County
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC 17 - 563 116

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
William Gwire, 505 Montgomery Street, 10 Floor, San Francisco, CA 94111 Tel: 415-296-8880

DATE: December 13, 2017
*(Fecha)* DEC 14 2017

Clerk, by
*(Secretario)* NEYL WEBB

, Deputy
*(Adjunto)*

Clerk of the Court

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)* )
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SISAM & ASSOCIATES

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

BY FAX
ONE LEGAL LLC

EXHIBIT B - 1